**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

---

**UNITED STATES OF AMERICA** | **CASE NO. 6:18-cr-00115-01**

**-vs-** | **JUDGE DRELL**

**LARRY GUIDRY (01)** | **MAGISTRATE JUDGE WHITEHURST**

---

MEMORANDUM ORDER

Before the court is Larry Guidry's *pro se* motion seeking to modify his term of supervised release. (Doc. 31). For the following reasons, the motion is DENIED.

Mr. Guidry was indicted by a Federal Grand Jury on May 9, 2018, on one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B).

On July 10, 2018, Mr. Guidry entered a plea of guilty to one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B).

On October 9, 2018, Mr. Guidry was sentenced to serve a 65-month term of imprisonment, followed by service of a 10-year term of supervised release. Mr. Guidry began his term of supervised release on July 7, 2023. It is the 10-year term of supervised release which Mr. Guidry seeks to reduce.

Mr. Guidry moves for early termination from his term of supervised release pursuant to 18 U.S.C. § 3583(e)(1). The defendant notes that he has completed approximately three (3) years of supervised release, complied with all terms and conditions of his supervision, and has maintained steady employment. Mr. Guidry also attached reference letters from his employment manager and his girlfriend's mother.

The United States Probation Office informed the Court that Mr. Guidry has complied with his terms and conditions of release. However, there is hesitation over terminating supervision early due to the on-going benefits of the probation office's therapeutic guidance and oversight. Additionally, the United States Attorney's Office opposes the motion.

The court has broad discretion to grant an early termination, after the defendant has served at least one year of his supervised release, if the relief is warranted by the defendant's conduct and the interests of justice and consistent with the factors set forth in 18 U.S.C. § 3553(a). *United States v. Jeanes*, 150 F.3d 483, 484 (5th Cir. 1998). Mr. Guidry's post-release conduct has been commendable, but "[a] defendant's faithful compliance with the terms of his supervision does not, by itself, entitle him to modification or termination of his supervised release." *United States v. Jimenez*, 2012 WL 3854785, at *1 (S.D.N.Y. Sept. 5, 2012). Instead, "such conduct is expected and required." *United States v. Guidry*, 2020 WL 908542, at* 1 (N.D. Tex. Feb. 13, 2020). While Mr. Guidry has shown dedication to his sex offender related treatment and compliance with the terms of his supervised release, continued active monitoring of his conduct is warranted. Mr. Guidry's presentence investigation report shows he was in possession of over 100 images and approximately 23 videos of hardcore prepubescent child pornography. While on supervised release, Mr. Guidry's internet access has been limited and monitored by the probation office via a computer monitoring program (IPPC), he has attended sex offender related treatment and has had his sex offender registration compliance monitored. Given this history, the Court is not satisfied that the public safety, deterrence, and rehabilitation aims of 18 U.S.C. § 3553(a) can be met by such an abbreviated period of supervision.

Accordingly, IT IS HEREBY ORDERED that Larry Guidry's motion to modify his term of supervised release is DENIED.

THUS DONE AND SIGNED at Alexandria, Louisiana this 12th day of November 2026.

DEE D. DRELL, SENIOR JUDGE
UNITED STATES DISTRICT COURT